IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

---

**STANLEY ORAKWUE,** and **JERRY EGWU**
Individually, and On Behalf of All Others Similarly Situated,

Plaintiffs,

-against-

**SELMAN ASSOCIATES, LTD., JUANITA C. SELMAN,** and **TOM H. SELMAN,**

Defendants.

Civil Action No.: 7:13-CV-52

**COMPLAINT AND**

**JURY DEMAND**

---

Plaintiffs, **STANLEY ORAKWUE,** and **JERRY EGWU,** individually and on behalf of all others similarly situated, by and through their attorneys, JTB LAW GROUP, LLC and BRANHAM LAW LLP, as and for their Complaint, allege of their own knowledge and conduct and upon information and belief as to all other matters, as follows:

### PRELIMINARY STATEMENT

1. Plaintiffs bring this action, individually and on behalf of all others similarly situated, to recover monetary damages, liquidated damages, interest and costs, including reasonable attorney's fees as a result of Defendants' willful violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA").

2. The proposed Class is composed of all former and current Mud Loggers who were/are employed and misclassified as exempt from overtime by Defendants during the applicable statutory period.

3. Plaintiffs, individually and on behalf of all others similarly situated, bring this action under the FLSA in connection with Defendants' commonly applied policy and practice in violation

1

of its statutory obligations to pay Plaintiffs and the putative collective members for overtime compensation at a rate of time and a half (1.5) of their regular rates of pay for work in excess of forty (40) hours per week pursuant to 29 U.S.C. § 207(a).

4. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed systematic and widespread violations of the above-described federal wage and hour statutes and regulations, in the manner described herein.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, a federal statute.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

## THE PARTIES

7. **SELMAN & ASSOCIATES, LTD.** is a business corporation organized and existing under the laws of the State of Texas; and has annual gross revenues exceeding $500,000.00.

8. Upon information and belief, **JUANITA C. SELMAN** and **TOM H. SELMAN** are the sole Owners of **SELMAN & ASSOCIATES, LTD.**

9. **SELMAN & ASSOCIATES, LTD., JUANITA C. SELMAN** and **TOM H. SELMAN** are hereinafter collectively referred as "Defendants."

10. Defendants are actively doing business in this State and District. Defendants maintain their principal place of business at 10114 Liberator Ln., Midland, TX 79706 doing business as a geological consulting and surface logging company.

11. Defendants are employers engaged in interstate commerce as that term is defined under the FLSA. Defendants maintain offices in the State of Texas, Pennsylvania, and Wyoming.

12. At all relevant times herein, Plaintiff, Stanley Orakwue (a/k/a Onyinyechi Ohaka), was and is a resident of Midland County, State of Texas.

13. Plaintiff, Stanley Orakwue, was employed by Defendants as a misclassified Mud Logger exempt from overtime from approximately January 2011 to June 2011.

14. At all relevant times herein, Plaintiff, Jerry Egwu, was and is a resident of Midland County, State of Texas.

15. Plaintiff, Jerry Egwu, was employed by Defendants as a misclassified Mud Logger exempt from overtime from approximately 2011 to 2013.

## FACTUAL ALLEGATIONS

16. Plaintiffs repeat and reallege all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

17. **SELMAN & ASSOCIATES, LTD.** is a privately owned establishment operating and doing business as a geological consulting and surface logging company.

18. Defendants operate and control an enterprise engaged in commerce, with an annual gross volume of business exceeding $500,000.00.

19. At all times relevant herein, **SELMAN & ASSOCIATES, LTD.** has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined under 29 U.S.C. §203(s) (1).

20. At all times relevant herein, Defendants were/are jointly the "employers" of Plaintiffs and all other similarly situated employees within the meaning of 29 U.S.C §203(d).

21. At all times relevant herein, Defendants either directly or indirectly hired Plaintiffs and all other similarly situated employees; controlled their work schedules and conditions of employment; determined the rate and method of the payment of wages; and kept at least some records regarding their employment.

22. At all times relevant herein, Defendants controlled the work schedules, duties, protocols, applications, assignments and conditions of employment of Plaintiffs and all the other similarly situated employees.

23. At all relevant times herein, Plaintiffs and the other similarly situated Mud Loggers employed by Defendants were/are misclassified as exempt from overtime and paid a day rate regardless the number of hours they worked/work for each workday and each workweek.

24. The primary job responsibilities of Plaintiffs and all other similarly situated employees during the applicable statutory period were/are to perform manual labor logging mud, operating and maintaining logging unit and equipment.

25. During the applicable statutory period, Plaintiffs and the other similarly situated employees were required by Defendants and regularly worked over forty (40) hours per week.

26. During the applicable statutory period, Plaintiffs and the other similarly situated Mud Loggers did/do not fall under any exemption from overtime pursuant to the FLSA.

27. Defendants failed to compensate Plaintiffs and the other similarly situated Mud Loggers proper overtime compensation at time and half (1.5) of their regular rates of pay for hours worked in excess of forty (40) per week, in violation of the FLSA.

28. Upon information and belief, during the applicable statutory period, Defendants employed at least two hundred (200) Mud Loggers in the State of Texas.

29. Defendants' failure to pay overtime compensation to Plaintiffs and the other similarly situated employees, as alleged herein, was and/or is willful, intentional and/or not in good faith.

30. Upon information and belief, Defendants never posted a notice explaining the minimum hourly wage and overtime pay rights provided by FLSA in any area of its business facility and/or field office where Plaintiffs and the similarly situated employees were employed, in violation of 29 C.F.R. §516.4.

31. At all relevant times herein, Defendants maintained control, oversight, and direction over Plaintiffs and the putative collective members, including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

32. Defendants have consistently, and continue to enforce a uniform policy and practice of permitting, encouraging, and/or requiring its employees, including Plaintiffs and the putative collective members, to work overtime without lawful compensation, as described herein.

33. At all relevant times herein, Defendants have failed to accurately record all of the hours worked by Plaintiffs and similarly situated employees and failed to properly compensate them for overtime compensation.

34. Upon information and belief, at all times relevant herein, Defendants have failed to keep full and accurate records of Plaintiffs' and similarly situated employees' hours and wages, in violation of 29 C.F.R. §§ 516.5, 516.6.

35. At all relevant times herein, starting more than three (3) years prior to the filing of this action and continuing to the present, Defendants have deprived Plaintiffs and all other similarly situated employees of compensation for overtime, as described herein.

36. Defendants' wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or the Texas Workforce Commission, or any administrative practice or enforcement policy of such departments.

37. Defendants' widespread violations of the above-described federal wage and hour statutes and regulations were willful, arbitrary, unreasonable and/or in bad faith.

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

39. Plaintiffs bring this action, individually and on behalf of all other similarly situated Mud Loggers, former and present, who were/are affected by Defendants' willful and intentional violation of the FLSA, as described in this Complaint.

40. Plaintiffs bring this collective action to recover monetary damages owed by Defendants to Plaintiffs and members of the putative Collective for all the overtime worked.

41. Plaintiffs bring this claim for relief due to Defendants' violation of the FLSA, as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

    a. The Collective is defined as follows:

        1. **All current and former employees of Defendants who were/are employed as Mud Loggers and misclassified as exempt from overtime in the State of Texas from May 2010 to present, and who worked overtime but were not paid proper overtime**

**compensation at time and a half (1.5) of their regular rates of pay for hours in a work week in excess of forty (40).**

42. This action is properly brought as a collective action pursuant to the collective action procedures of the FLSA because Plaintiffs and the putative collective members are similarly situated in that they are all subject to Defendants' commonly applied policy and/or practice of misclassifying Plaintiffs and the putative collective members exempt from overtime. Further, all members of the putative collective have been subjected to Defendants' willful and intentional violation of their statutory obligation to pay overtime compensation at time and a half (1.5) of their regular rates of pay for work in excess of 40 hours per week.

43. The Collective is so numerous that joinder of all members is impractical. While the exact number and identities of Collective members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiffs believe that at least two hundred (200) putative collective members have worked for Defendants during the applicable statutory period, without receiving appropriate overtime compensation as required by law.

44. This litigation is properly brought as a collective action because of the existence of questions of fact and law common to the collective which predominates over any questions affecting only individual members, including:

    a. Whether Defendants are liable to Plaintiffs and members of the putative Collective for violations of the FLSA;

    b. Whether Defendants misclassified Plaintiffs and the putative collective members as exempt from overtime compensation under the FLSA;

    c. Whether Plaintiffs and the putative collective members worked over forty (40) hours in a workweek;

    d. Whether Defendants failed to pay Plaintiffs and members of the putative Collective overtime compensation for all hours in the work week in excess of forty (40);

45. This litigation is properly brought as a Collective action because Plaintiffs' claims are typical of the claims of the members of the Collective, inasmuch as all such claims arise from Defendants' standard policy and practice, as alleged herein. Like all Collective members, Plaintiffs were damaged by Defendants' standard policy and practice which failed to pay proper overtime compensation.

46. Plaintiffs have no interests antagonistic to the interests of the other members of the Collective. Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in collective action litigation. Accordingly, Plaintiffs are an adequate representative and will fairly and adequately protect the interests of the Collective.

47. Collective certification is also fair and efficient because prosecution of separate actions by individual Collective members would create a risk of differing adjudications with respect to such individual members of the Collective, which as a practical matter may be dispositive of the interests of other members no parties to the adjudication, or substantially impair or impede their ability to protect their interests.

48. Plaintiffs anticipate that there will be no difficulty in the management of this litigation. This litigation presents FLSA claims of a type that have often been prosecuted on a classwide basis, and the manner of identifying the Collective and providing any monetary relief to it can easily be effectuated from a review of Defendants' records.

## FIRST CLAIM FOR RELIEF

### (Individual Claims for Violation of FLSA)

49. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

50. Defendants misclassified Plaintiffs as exempt from overtime, in violation of the FLSA.

51. Plaintiffs were required by Defendants and did regularly work over forty (40) hours a week, but Defendants failed to pay Plaintiffs proper overtime compensation at time and half (1.5) of their regular rates of pay for hours in a work week in excess of forty (40), in violation of the FLSA.

52. Defendants' policy and practice, as described above, was and/or is willful, intentional, unreasonable, arbitrary, and/or in bad faith.

53. Because Defendants willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

54. As a result of the foregoing, Plaintiffs were illegally denied proper overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C § 216(b).

## SECOND CLAIM FOR RELIEF

### (Collective Action Claim for Violation of FLSA)

55. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

56. Defendants misclassified Plaintiffs and the other similarly situated Mud Loggers as exempt from overtime, in violation of the FLSA.

57. Plaintiffs and the other similarly situated Mud Loggers were required by Defendants and did regularly work over forty (40) hours a week, but Defendants failed to pay them proper overtime compensation at time and half (1.5) of their regular rates of pay for hours in a work week in excess of forty (40), in violation of the FLSA.

58. Defendants' policy and practice, as described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

59. Because Defendants willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

60. As a result of the foregoing, Plaintiffs and the other similarly situated employees in the State of Texas were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees, and other compensation pursuant to 29 U.S.C § 216(b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for declaratory relief and damages as follows:

A.  A declaratory judgment that Defendants' wage policy and practice described herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*

B.  Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*

C.  Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all

unpaid overtime compensation owed to Plaintiffs and members of the Collective during the applicable statutory period.

G. Judgment for any and all civil penalties to which Plaintiffs and all other similarly situated employees may be entitled.

H. An order directing Defendants to pay Plaintiffs and members of the putative Collective incentive awards, prejudgment interest, reasonable attorney's fees and all costs connected with this action.

I. Such other and further relief as to this Court may deem necessary, just and proper.

Dated: May 30, 2013

BY: _____
Charles W. Branham
State Bar No. 24012323
BRANHAM LAW, LLP
3900 Elm Street
Dallas, Texas 75226
Telephone: 214.722-5990
Facsimile: 214.722-5991

-And-

JTB LAW GROUP, LLC
Jason T. Brown
State Bar No. 3592-1996
155 2nd Street, Suite 4
Jersey City, NJ 07302
(201) 630-0000 (office)
(855) 582-5297 (fax)
*Pro Hac Vice Pending*

*Attorneys for Plaintiffs*