UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| STANLEY ORAKWUE and JERRY EGWU, on behalf of Himself and Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO.: MO:13-CV-00052 |
| SELMAN & ASSOCIATES, LTD. JUANITA C. SELMAN, and TOM H. SELMAN, | § § § § § | DOCUMENT FILED ELECTRONICALLY |
| Defendants, | | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION, APPROVAL OF THE PROPOSED COLLECTIVE ACTION NOTICE, DISCOVERY OF THE COLLECTIVE MEMBERS AND DISTRIBUTION OF THE APPROVED NOTICE TO THE COLLECTIVE MEMBERS**

Defendants, SELMAN & ASSOCIATES, LTD., JUANITA C. SELMAN, and TOM H. SELMAN (collectively referred herein as "Defendants"), by and through their undersigned attorney, respond to Plaintiffs' Motion for Conditional Certification of a Collective Action, Approval of the Proposed Collective Action Notice, Discovery of the Collective Members and Distribution of the Approved Notice to the Collective Members to wit:

### I. INTRODUCTION

Contemporaneously with this filing, Defendants have filed a Motion for Summary Judgment that, if granted, renders Plaintiffs' motion moot. Plaintiffs are exempt from the overtime requirements of the Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C. § 213(a)(1).

### II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

Defendant Selman is a leading provider of geological services and consulting to the oil and gas industry in the Permian Basin of Texas, New Mexico and other oil and gas producing states.

Selman holds approximately twenty-five patents pending or fully registered with the U.S. Patent Office. *See* T. Selman Affidavit, **Exhibit A**, at 1. At all times during its operation, Selman has taken great efforts to comply within the FLSA, including posting all Department of Labor mandated wage and hour posters and notifications that the Department of Labor requires. *See* **Exhibit A**, at 1; J. Selman Affidavit, **Exhibit B**, at 1. At no time has Selman or its employees misinformed anyone of his or her employment classification under the FLSA. *See* **Exhibit A**, at 2; and **Exhibit B**, at 2.

Defendant Selman employed Plaintiffs Stanley Orakwue (referred herein as "Orakwue") and Jerry Egwu (referred herein as "Egwu") as Wellsite Geologists. *See* **Exhibit A**, at 2; **Exhibit B**, at 2. Both Orakwue and Egwu informed Selman during the hiring process that they each possessed Bachelor's degrees in hard science fields and/or geology. *See* **Exhibit A**, at 2; **Exhibit B**, at 2. Each Plaintiff received a salary in excess of $455.00 each week as employees falling under the Professional Exemption of the FLSA. 29 U.S.C. § 213(a)(1); 29 C.F.R. § 541.300 *et seq.* In the event either Orakwue or Egwu received less than $455.00 per week, such included authorized deduction(s). 29 C.F.R. § 541.602(b).

On May 28th and 30th, 2013, Orakwue and Egwu filed identical complaints for collective action and jury demand alleging violations of the FLSA against Riley Geological Consulting, Inc. ("Riley") (*see* Western District of Texas, Midland Division, Civil Action No.: MO:13-CV-51) and Selman in the instant action. Selman filed an answer in this action on June 27, 2013.

When Selman became aware of Orakwue's and Egwu's employment at a competing geological firm, it sought to amend its answer to include a counterclaim against Orakwue and Egwu for breach of non-compete covenants, breach of non-disclosure covenants, fraud, tortious interference of contract and civil conspiracy.[1] On November 15, 2013, the Court granted Selman

---

[1] Orakwue and Egwu began working for Riley a competitor to Selman, at a time while Egwu was still an employee of Selman. Egwu's simultaneous employment at Riley and Selman breached several Selman policies and covenants held between Selman and Egwu. During this period of time, Egwu submitted timesheets to Selman and Riley documenting the same days' work and compensation. *See* Defs.' Motion for Leave to Amend Answer (Doc. #18).

leave to amend its answer to include a counterclaim for fraud against Egwu. *See* Order Granting in Part and Denying in Part Defs.' Motion for Leave to Amend Answer (Doc. #21).

The parties to this action have participated in discovery for several months and have sought to resolve any discovery issues through their own discussions. *See* Correspondence to C. Guan dated Oct. 10, 2013, **Exhibit C**, *See* Correspondence to J. Brown dated Oct. 15, 2013, **Exhibit D**.[2]

On November 15, 2013, Plaintiffs Orakwue and Egwu filed a motion seeking conditional certification, approval of collective action notice, discovery of putative class members and distribution of the approved notice. *See* Pls.' Motion for Conditional Certification (Doc. #22).

### III. ARGUMENT

**A. Legal Standards for Conditional Certification of FLSA Collective Action.**

The Fifth Circuit has recognized two tests for district courts to use for conditional certification of a class of workers under § 216(b): (1) a two-stage approach under *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987) and (2) the "spurious" class action approach as explained in *Shushan v. University of Colorado,* 132 F.R.D. 263 (D. Colo. 1990).[3] Either analysis is sufficient to determine that neither Plaintiff is "similarly situated" for conditional certification. *See Mateos v. Select Energy Services, LLC*, ___ F. Supp. 2d ____, 2013 WL 5585066, *2 (W.D. Texas Oct. 10, 2013).

Many district courts analyze conditional certification under the lens of *Lusardi*.[4] This approach uses an *ad hoc* analysis to review whether a potential class is similarly situated to plaintiffs to warrant noticing potential class members as an initial step.

---

[2] Plaintiffs never accepted Defendants' offer to resolve the discovery matter.
[3] *See Mooney v. Aramco Services, Co.*, 54 F.3d 1207, 1213 (5th Cir. 1995) (declining to decide which test is preferred), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 90-91 (2003).
[4] *See, e.g., Andel v. Patterson-UTI Drilling Co., LLC*, 280 F.R.D. 287 (S.D. Tex. 2012); *Pedigo v. 3003 South Lamar, LLP*, 666 F.Supp.2d 693, 696-97 (W.D. Tex. 2009); *Valcho v. Dallas Cnty. Hosp. Dist.*, 574 F. Supp. 2d 618, 621-22 (N.D. Tex. 2008).

If conditional certification is granted during this first stage, the defendant may file a motion to decertify a class as a second step after discovery. *See Mooney*, 54 F.3d at 1213. Several courts have found that where discovery occurs prior to the first stage, the court "may bypass the first stage and proceed directly to the second stage of certification analysis."[5]

### 1. The *Lusardi* Approach

Under *Lusardi*, district courts have based their determination on whether plaintiffs show substantial allegations in pleadings and affidavits to prove there are potential class members that are victims of a single decision, policy or plan. *See Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). Under this analysis Plaintiffs' motion should be denied because all Wellsite Geologists similar to Plaintiffs are exempt under the FLSA. Courts in this district consider: (1) whether potential plaintiffs were identified; (2) whether affidavits of potential plaintiffs were submitted; and (3) whether evidence of a widespread discriminatory plan was submitted.[6] Plaintiffs' motion identifies no potential plaintiffs and attaches no affidavits. *See* Pls.' Motion for Conditional Certification. Further, there is no evidence of a widespread discriminatory plan. *See* Pls.' Motion for Conditional Certification.

Some district courts within the Fifth Circuit specifically looked at: (1) whether there is a reasonable basis for crediting the assertions that aggrieved individuals exist; (2) that those aggrieved individuals are similarly situated to the plaintiffs in relevant respects given the claims and defenses asserted; and (3) that those individuals want to opt in to the lawsuit.[7] Again, there is no reasonable basis to believe aggrieved individuals exist in this matter. Ultimately, a court

---

[5] *Nieddu v. Lifetime Fitness*, ___ F. Supp.2d ___, 2013 WL 5530809, *4 (S.D. Tex. Sept. 30, 2013).
[6] *Pedigo*, 666 F. Supp. at 698.
[7] *See Andel,* 280 F.R.D. at 289.

4

may deny conditional certification if the action arises from circumstances purely personal to the plaintiff, as in the instant case.[8]

Despite the Plaintiffs' failures under the *Lusardi* standard, the creation of an opt-in class is a discretionary decision.[9] The plaintiff bears the burden of factually proving that a similarly situated group of potential plaintiffs exists. *Id.* The proposed class representatives *must be similarly situated* in terms of job requirements and in terms of pay provisions. *Id.* For instance, lying about a degree and/or committing fraud against an employer to create circumstances for an FLSA claim would give cause to deny conditional certification. *Cf. Pedigo*, 666 F. Supp. 2d at 698 *with* **Exhibit A**, at 2.

  *a. Lack of Evidence of Aggrieved Plaintiffs Similarly Situated to Plaintiffs.*

Plaintiffs claim a conditional class is proper with "over 100" Wellsite Geologists by misinterpreting two Department of Labor ("DOL") audit reports that included "non-degreed" Wellsite Geologists. *See* Pls.'s Motion for Conditional Certification, *Exhibits D*, and *E*. Specifically, on July 23, 2012, the DOL Wage & Hour Investigator Bart Barto identified the "non-exempt" geologists as the "20 of 107" geologists that were without degrees. *See* Pls.' Motion for Conditional Certification, *Exhibit E*. The problem with granting certification to Plaintiffs is that they are not one of these 20 individuals. They each possessed college degrees or were hired with the understanding that they possessed degrees. *See* **Exhibit A**, at 2; and **Exhibit B**, at 2. The DOL audits do not claim Selman misclassified degreed Wellsite Geologists. Plaintiffs' fallacious argument is consistent with the fraudulent nature of their claim.

Unlike many, if not most, of its competitors in the oil and gas industry, Selman requires Wellsite Geologists to have college degrees. *See* **Exhibit A**, at 2. If either of the Plaintiffs lacks

---

[8] *Pedigo*, 666 F. Supp. 2d at 698.
[9] *Mateos v. Select Energy Services LLC*, ___ F. Supp. 2d ____, 2013 WL 5585066, *3 (W.D. Texas Oct. 10, 2013) (citing *Hoffman—La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989)).

the necessary credentials to make himself exempt under the Professional Exemption to the FLSA, then this action arises from the Plaintiff's purely personal action and fraudulent misrepresentation of having a degree. Such a fraud would be sufficient to deny conditional certification.[10]

### b. Any Existing Aggrieved Individuals Are Not Similarly Situated to Plaintiffs.

As documented in the DOL audit reports attached to Plaintiffs' motion, there is no FLSA compliance issue with Wellsite Geologists who possess college degrees. Plaintiffs Orakwue and Egwu cannot be similarly situated to those without degrees. As employees that were paid in compliance with the FLSA, they are not similarly situated, and therefore they cannot adequately represent those who are allegedly paid in a non-compliant manner. Thus, if such "aggrieved individuals exist; those aggrieved individuals are [not] similarly situated to the [Plaintiffs] in relevant respects given the claims and defenses asserted." *Andel,* 280 F.R.D. at 289. In short, Plaintiffs cannot prove the existence of an aggrieved class of employees, only then to assert themselves as representative outsiders of such a class.

### c. Absence of Any Putative Plaintiff Seeking to Opt-in.

No other employees, degreed or non-degreed, have sought to join this action through a signed consent or affidavit. The record is completely devoid of evidence that any individuals want to join this spurious lawsuit. Plaintiffs rely on *Page v. Nova Healthcare Mgmt. L.L.P.*, 2013 WL 4782749 (S.D. Tex. Sept. 6, 2013), to indicate that the third factor (absence of putative plaintiffs seeking to opt-in) can be disregarded under recent analysis. However, if Plaintiffs could find a similarly situated individual to consent and opt-in, (which they cannot for reasons discussed above) they would be the first to exalt their satisfaction of this additional factor. While

---

[10] *Pedigo*, 666 F. Supp. 2d at 698.

recent analysis may not count the absence of such individual opt-ins against Plaintiffs, its stark absence does not make Plaintiffs' argument any more compelling.

Based on the DOL's position on the compliant compensation for degreed Plaintiffs Orakwue and Egwu, there is no reasonable basis for crediting the assertion that aggrieved individuals similarly situated to them exist. If any Wellsite Geologists are at all similarly situated to the two Plaintiffs, they would be degreed Wellsite Geologists who are properly paid under the Professional Exemption of 29 U.S.C. § 213(a)(1). Unfortunately, even if a degreed Wellsite Geologist learns and seeks to opt-into this action, he will find that Plaintiffs' fraudulent and wrongful conduct against Selman makes them substantially dissimilar.

One of the representative Plaintiffs, Egwu, submitted fraudulent time cards for the same days' work done for Selman's competitor, Riley. A lawsuit will be filed against Plaintiffs Orakwue and Egwu in a district court of Midland County, Texas for their breach of employment covenants, fraud, tortious interference with contract and civil conspiracy to defraud Selman and manufacture a FLSA claim. Plaintiffs are hard-pressed to find anyone that is similarly situated to them with respect to Selman's defenses against them that include fraudulent inducement, unclean hands, and unjust enrichment.

These defenses available against Plaintiffs Orakwue and Egwu, but not against any other putative class members, make Plaintiffs substantially dissimilar and incapable of representing a collective action in the fashion they seek. These defenses and Plaintiffs' fraudulent conduct negates any reason for a grant of conditional class. *See Andel,* 280 F.R.D. at 289.

### 2. Plaintiffs' Discovery Allows Heightened *Lusardi*'s Standard at Second Stage.

District courts within the Fifth Circuit require more proof for conditional certification by virtue of the discovery Plaintiffs have already gathered. *See Nieddu v. Lifetime Fitness*, ___ F.

7

Supp.2d ___, 2013 WL 5530809, *4 (S.D. Tex. Sept. 30, 2013). "Although the courts have not established the exact quantity of evidence the plaintiff must submit, it is more than the minimal showing of a reasonable basis for the plaintiff's allegation(s) and 'courts have been clear that something more than the plaintiffs own allegations and declarations is required.'"[11]

Plaintiffs' discovery revealed that they specifically fall under the Professional Exemption to the FLSA and are therefore dissimilarly situated from any employees that may not, but Plaintiffs still seek to represent them. The DOL audit reports of concern were with Wellsite Geologists without degrees.[12]

Plaintiffs Orakwue and Egwu possessed, or at least represented themselves to possess, Bachelor's degrees. Any higher level of scrutiny deserved from conducted discovery would show that Plaintiffs are not similarly situated to any employees compensated in a manner of concern to DOL. They plainly fall under the professional exemption, and any non-degreed Wellsite Geologist would be better off representing himself individually. Under a heightened standard, as described by *Nieddu*, Plaintiffs do not make a sufficient case for certification.

### 3. The "Spurious" Class Action Approach Under *Shushan*.

*Mooney v. Aramco Services Co.*, 54 F.3d 1207 (5th Cir. 1995), identifies the other principal manner of considering class certification under FLSA as the "Spurious Class Action" approach. Recognizing the approach made in *Shushan v. University of Colorado*, 132 F.R.D. 263 (D. Colo. 1990), *Mooney* identified a separate means of evaluating the "similarly situated"

---

[11] *Id.* (quoting *Barnes v. Abandonment Consulting Services*, Civ. A. No. 4:12-CV-01399, 2013 WL 3884198, *4 (S.D. Tex. July 26, 2013)). When plaintiffs are afforded the opportunity to gather more than "minimal evidence," they must support certification on more than just minimal evidence. *Blake v. Hewlett-Packard Co.*, No. 4:11-CV-592, 2013 WL 3753965, *8 (S.D. Tex. July 11, 2012).

[12] *See* Pls.' Motion for Conditional Certification, *Exhibit D* ("They indicated that 20 out of 107 (18% of the work force) … were without degrees and, as such could not be viewed under the professional exemption (29 CFR 541.300). As time progresses, they will likely come into compliance, but it will take attrition and hiring for them to do so."); *see also* Pls.' Motion for Conditional Certification *Exhibit E* ("As stated previously, Selman has been attempting to obtain compliance through attrition. By 6/28/12 20 of 107 Loggers were without degrees. Many of these were longtime employees.").

class of FLSA and ADEA within the context of Rule 23.[13] A Rule 23 analysis of this nature requires a "rigorous analysis" of the record as to the common questions and their predominance among the class.[14]

Under this method, a class that is too numerous for permissive joinder rules can be certified when there are common questions of law or fact among the proposed class. *Shushan*, at 267. These "common questions" must predominate over any questions affecting individual members, and the class representatives must ably and adequately represent the class. *Id.*

Looking to this more stringent standard, Plaintiffs' fraudulent conduct creates uncommon questions of law and fact that predominate over all other issues. First, as stated before, the Plaintiffs cannot argue common questions on behalf of Wellsite Geologists that do not possess college degrees. Second, Plaintiffs' conduct creates barrier issues and questions of their fraud that would predominate any common question argument against the Professional Exemption. Furthermore, the additional defenses asserted personally against Plaintiffs makes their representation of the proposed class deficient.

### B. The Court Should Not Approve the Proposed Collective Action Notice, Consent Form or Direct Defendants to Provide Discovery of Putative Class Members.

Ultimately, the district court maintains discretion over the facilitation of notice to a putative class under § 216(b). *See Hoffman—La Roche, Inc. v. Sperling*, 493 U.S. 165, 169

---

[13] *Mooney* 54 F.3d at 1214. In this approach, the court analyzes the Rule 23(a) factors commonly referred to as "numerosity," "commonality," "typicality," and "adequacy of representation." *Id.* This approach flows from the fundamental idea that Congress had created a separate mechanism for an "opt-in" class for FLSA and ADEA actions, but the analysis of representation and abilities to proceed in a collective action must still be analyzed under Rule 23. *Id.*

[14] *Cuevas v. Citizens Financial Group, Inc.*, 526 Fed. App'x 19, 21 (2d Cir. 2013)(citing *Wal-Mart Stores, Inc.v. Dukes*, 131 S. Ct. 2541 (2011) and *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013)).

(1989). *Hoffman—La Roche* recognized that trial court guidance was necessary to counter potential misuse of the class device.[15]

Plaintiffs have not satisfied the lowest of burdens for conditional certification, and consequently, no collective action notice, consent form or discovery of putative class members should be allowed. By committing common torts and breaching several contracts against Selman, Plaintiffs have made themselves drastically dissimilar to any other Wellsite Geologist.[16]

### C. Equitable Tolling is Not Warranted Under These Circumstances.

The doctrine of equitable tolling applies only in "rare and exceptional circumstances." *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002). Only a plaintiff that diligently pursues his rights is entitled to the benefit of equitable tolling.[17] A district court may only grant equitable tolling as a matter of law when the relevant facts are undisputed. *See Minard v. ITC Deltacom Commc'ns, Inc.*, 447 F.3d 352, 358 (5th Cir. 2006).

First of all, without any putative plaintiffs, a decision on equitable tolling would be advisory. *Sandoz v. Cingular Wireless, LLC*, 769 F.Supp.2d 1047, 1063 n. 2 (W.D. La. 2010). The Court cannot enter an advisory opinion that tolls the claims of employees who have not yet opted into the proposed class. *U.S. v. Cook*, 795 F.2d 987, 994 (Fed. Cir. 1986) ("When and if the time comes, the district court will presumably apply the doctrine of equitable tolling consistently with Congress' intent in enacting the particular scheme set forth in the FLSA.").

---

[15] *Walker v. Dollar General Corp.*, 2011 WL 318599, *1 (N.D. Miss. Jan. 28, 2011) (citing *Crawford v. Dothan City Bd. Of Educ.*, 214 F.R.D. 694 (M.D. Ala. 2003)). Premature requests for identities and addresses of putative class members must be denied unless a class has been conditionally certified. *Crawford*, 214 F.R.D. at 695.

[16] Their status as degreed Wellsite Geologists separates them from any employees compensated in a manner that DOL finds non-compliant. Without any further discovery or proof necessary, Plaintiffs Orakwue and Egwu are substantially dissimilar to any alleged class member, and they cannot possibly represent a class adequately after their questionable actions. For these reasons, this Court should prohibit any collective action notice and discovery of putative members.

[17] *Caldwell v. Dretke*, 429 F.3d 521, 530, n. 23 (5th Cir. 2005). Employees must have been excusably unaware of their claims under FLSA in order for a district court to order equitable tolling. *Excobedo v. Dynasty Insulation, Inc.*, 694 F. Supp. 2d 638, 655 (W.D. Tex. 2010). Even if these putative plaintiffs lacked awareness that they had the right to sue, their mere ignorance of the law is insufficient to justify equitable tolling. *Whitt v. Stephens County*, 529 F.3d 278, 283 (5th Cir. 2008).

Second, there has been no requisite demonstration of an undisputed fact required to grant equitable tolling. Plaintiffs' affidavits state that they never saw DOL posters or they were never affirmatively informed. Defendants have documented that proper DOL posters have been placed in conspicuous locations as mandated by regulation. Further, Plaintiffs themselves have hardly shown they diligently pursued their rights or that they were excusably unaware. Their motion for conditional certification filed nearly six months into litigation is hardly a "diligent pursuit." A lack of undisputed facts precludes equitable tolling. *See Minard*, 447 F.3d at 358.

## IV. CONCLUSION

For the above reasons, Defendants Selman & Associates, Ltd., Tom H. Selman and Juanita C. Selman request that this Court deny Plaintiff's motion for conditional certification of a collective action, approval of the proposed collective action notice, discovery of the collective members and distribution of the approved notice to the collective members.

Respectfully submitted,

*/s/ Steve Spurgin*_____
**STEVE SPURGIN**
State Bar No. 18974350

El Paso Office:
8300 Montana Ave.
El Paso, Texas 79925
T 915.779.2800
F 915.779.2801
E steve@spurginlaw.com

Marfa Office:
204 S. Highland Avenue
Post Office Drawer 1471
Marfa, Texas 79843
T 432.729.3731
F 432.729.3730

*Attorney for Defendants*
*Selman & Associates, Ltd., Juanita C. Selman, and Tom H. Selman*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of November, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Charles W. Branham, Esq. | Jason T. Brown, Esq. |
| 3900 Elm Street | 155 2nd Street, Suite 4 |
| Dallas, Texas 75226 | Jersey City, New Jersey 07302 |

*/s/ Steve Spurgin*_____
**STEVE SPURGIN**