UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| STANLEY ORAKWUE and JERRY EGWU, Individually and On Behalf of All Others Similarly Situated,<br>    *Plaintiffs*,<br><br>v.<br><br>SELMAN ASSOCIATES, LTD., JUANITA C. SELMAN, and TOM H. SELMAN,<br>    *Defendants*. | § § § § § § § § § § § § § | <br><br><br><br><br>CIVIL ACTION NO.: MO:13-CV-52<br><br><br>DOCUMENT FILED ELECTRONICALLY |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE ROBERT JUNELL, U.S. DISTRICT JUDGE:

Defendants SELMAN & ASSOCIATES, LTD., JUANITA C. SELMAN and TOM H. SELMAN (collectively referred herein "Defendants") moves this Court to render summary judgment against Plaintiffs STANLEY ORAKWUE and JERRY EGWU (collectively referred herein "Plaintiffs"), as authorized by Federal Rule of Civil Procedure 56.

**I. INTRODUCTION**

On May 30, 2013, Plaintiffs sued Defendants for alleged violations of overtime provisions of the Fair Labor Standards Act ("FLSA") in their compensation to Plaintiffs.

On June 27, 2013, Defendants filed an Answer identifying that Plaintiffs are exempt as Learned Professionals under the FLSA. 29 U.S.C. § 213(a)(1); 29 C.F.R. § 541.300 *et seq*.

Defendants file this motion for summary judgment on Plaintiffs' FLSA claims. Summary judgment should be granted in favor of Defendants in this case because there is no genuine dispute of material fact with regards to Defendants' affirmative defense of Plaintiffs'

1

proper classification under the Learned Professionals exemption of the FLSA.

## II. STATEMENT OF FACTS

A.  **Undisputed Facts Related to Defendant Selman & Associates, Ltd. ("Selman").**

Defendant Selman is a leading provider of geological consulting services in the oil and gas industry. *See* Defs.' Appendix of Exhibits in Support of Defs.' Motion for Summary Judgment (referred herein as "App'x"), **Exhibit A,** 002-003. Selman has been a pioneer in raising the quality of service in geology consulting by bringing in qualified Wellsite Geologists to the forefront of its industry, training each of them comprehensively with Selman's leading technology and processes, and seeking to hire only degreed Wellsite Geologists with geology and earth science backgrounds. *See* App'x, **Exhibit A,** 002-003. Selman is a premier geological consulting firm that has invented and created its own tools and software for geology and surface logging techniques for its oil and gas industry clients. *See* App'x, **Exhibit A**, 002-003. Selman possesses approximately 25 patents that are either pending or fully registered with the U.S. Patent Office, and it stands far apart from other firms in quality and professionalism as it shepherds improved industry standards in the geological consulting field. App'x, **Exhibit A**, 003.

B.  **Undisputed Facts Related to Wellsite Geologists Working for Selman.**

Selman requires its Wellsite Geologists to have college degrees to use their comprehensive knowledge and adept learning in the areas of geology, earth sciences and engineering to perform advanced analysis of drill cuttings and surface mineral returns at well locations. *See* App'x, **Exhibit A**, 003-005. For this reason Selman has a policy requiring Wellsite Geologists to possess a college degree. *See* App'x, **Exhibit A**, 003. In addition to a knowledgeable background in geology, earth sciences and engineering, Selman requires newly

hired Wellsite Geologists to complete a prolonged course of study.  *See* App'x, **Exhibit A**, 004-005.  The course lasts from four to eight weeks and furthers their knowledge of geological analysis and training with Selman processes, tools and patented equipment.  App'x, **Exhibit A**, 004. The course of study and the practice manuals that Wellsite Geologists must learn are significant.  App'x, **Exhibit A**, 004.  Due to this exceptional training and the higher credentialed qualifications that Selman's Wellsite Geologists must possess, Selman's competitors and clients often seek to recruit Selman's current and former employees.  App'x, **Exhibit A**, 004-005**.**

Selman compensates Wellsite Geologist employees through a "five-day minimum" guaranteed salary in excess of $455.00 if they choose to work at a job site.  App'x, **Exhibit A**, 005.  If for some reason, work is completed at a job site prior to the fifth day, the Wellsite Geologists will be paid for the full five days regardless of the number of days required to complete work at the job site.  App'x, **Exhibit A**, 005.  The only times that a Wellsite Geologist will earn less than $455.00 is because he chose not to work a particular day, days or week.  App'x, **Exhibit A**, 003-005.

C. **Undisputed Facts Related to Plaintiff Stanley Orakwue's FLSA Claim.**

Defendant Selman employed Plaintiff Stanley Orakwue ("Orakwue") from February 7, 2011 to August 17, 2011 as a Wellsite Geologist.  *See* App'x, **Exhibit A**, 003; App'x, **Exhibit B**, 010-016.  During the hiring process, Orakwue told Tom H. Selman, Vice President of Selman, that he possessed a Bachelor's of Science degree in Geology.  *See* App'x, **Exhibit A**, 003; App'x, **Exhibit C**, 020.   Consequently, Defendants classified Orakwue as an exempt professional under FLSA and he received a salary in excess of $455.00 per week.  *See* App'x, **Exhibit A**, 003; App'x, **Exhibit B**, 008-016.

During his entire course of employment between February 7, 2011 and August 18, 2011,

Orakwue never earned less than $455.00 per week.  *See* App'x, **Exhibit B**, 008-016.

**D.     Undisputed Facts Related to Plaintiff Jerry Egwu's FLSA Claim.**

Defendant Selman, employed Plaintiff Jerry Egwu ("Egwu") from May 5, 2011 to April 3, 2013 as a Wellsite Geologist.  *See* App'x, **Exhibit A**, 004; App'x, **Exhibit D**, 025-42.  During the hiring process, Egwu told Tom H. Selman, Vice President of Selman, that he possessed a Bachelor's degree. *See* App'x, **Exhibit A**, 004.  Consequently, Defendants classified Egwu as an exempt professional under FLSA and he received a salary in excess of $455.00 per week.  *See* App'x, **Exhibit A**, 004.  The only times Egwu earned less than this amount was because he chose not to work that day, days or week.  *See* App'x, **Exhibit A**, 004; App'x, **Exhibit D**, 023, 025-042.

During Egwu's two years of employment, there were eleven (11) occasions when he earned less than $455.00 for any given week.  *See* App'x, **Exhibit D**, 023, 025-042.  On each of these occasions, Egwu had taken several days or weeks off from work, and his salary was deducted for the days he chose not work.  *See* App'x, **Exhibit D**, 023, 025-042.  These occasions were as follows:

|    | Pay Period Ending | Earnings for Pay Period | Days Egwu Worked During Pay Period | Days Egwu Had Taken Off in Relation to Pay Period |
|----|-------------------|-------------------------|-------------------------------------|---------------------------------------------------|
| 1. | 9/7/2011          | $390.00                 | Only worked on 9/6/2011 and 9/7/2011 | Was off from 8/25/2011 to 9/5/2011               |
| 2. | 12/28/2011        | $320.00                 | Only worked on 12/27/2011 and 12/28/2011 | Was off from 12/14/2011 to 12/26/2011        |
| 3. | 4/18/2012         | $320.00                 | Only worked on 4/18/2012            | Was off from 3/22/2012 to 4/17/2012               |
| 4. | 7/4/2012          | $340.00                 | Only worked on 6/28/2012 and 6/29/2012 | Was off from 6/30/2012 to 8/12/2012            |
| 5. | 8/15/2012         | $110.00                 | Only worked on 8/13/2012            | Was off from 8/14/2012 to 8/19/2012               |
| 6. | 9/12/2012         | $340.00                 | Only worked on 9/6/2012 and 9/7/2012 | Was off from 9/8/2012 to 9/19/2012               |

| 7.  | 10/3/2012  | $170.00 | Only worked 9/27/2012              | Was off from 9/28/2012 to 11/18/2012  |
|-----|------------|---------|------------------------------------|---------------------------------------|
| 8.  | 12/5/2012  | $170.00 | Only worked 11/29/2013             | Was off from 11/30/2012 to 12/19/2012 |
| 9.  | 1/30/2013  | $340.00 | Only worked 1/30/2013              | Was off from 12/23/2012 to 1/29/2013  |
| 10. | 2/13/2013  | $170.00 | Only worked 2/7/2013               | Was off from 2/8/2013 to 3/3/2013     |
| 11. | 3/27/2013  | $340.00 | Only worked 3/26/2013 and 3/27/2013 | Was off from 3/6/2013 to 3/25/2013    |

See App'x, **Exhibit D**, 023, 025-042.

### III. ARGUMENT

Summary judgment is proper when there is no genuine dispute of material fact. Fed. R. Civ. P. 56(a); *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A defendant who seeks summary judgment on a plaintiff's claim must demonstrate the absence of a genuine dispute of material fact "but need not *negate* the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Celotex Corp.*, 477 U.S. at 322-23. The Court cannot, in the absence of proof, assume that the nonmoving party can or would prove necessary facts. *See Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, 888 (1990)).

To support Plaintiffs' claim for a violation of FLSA compensation, Plaintiffs must not be exempt employees as defined under the FLSA. *See Owsley v. San Antonio Ind. Sch. Dist.*, 187 F.3d 521, 523 (5th Cir. 1999). However, Plaintiffs cannot raise a material fact dispute on any element of their exempt status under the FLSA, even if the exemption is construed narrowly. *See id.* Defendants are entitled to summary judgment as a matter of law.

In general the FLSA requires payment of overtime when employees work more than forty hours per week. 29 U.S.C. § 207(a)(1). Several exceptions from this requirement exist, however, for employees working in "a bona fide executive, administrative, or professional

5

capacity…" 29 U.S.C. § 213(a)(1).  While there is a factual inquiry of whether an employee is exempt under FLSA, the ultimate decision of whether an employee is exempt from FLSA's overtime compensation provisions is a question of law.  *Lott v. Howard Wilson Chrysler—Plymouth, Inc.*, 203 F.3d 326, 330 (5th Cir. 2000); *Cobb v. Finest Foods, Inc.*, 755 F.2d 1148, 1150 (5th Cir. 1985).  As in this case, an absence of a genuine dispute of material fact compels a judgment as a matter of law.  *See Lott*, 203 F.3d at 330; *Cobb*, 755 F.2d at 1150.

The undisputed facts in the instant case satisfy the employer's burden to show the exemption.  *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 584 (5th Cir. 2006).  An employee is employed in an exempt professional capacity if: (1) he is "[c]ompensated on a salary or fee basis at a rate not less than $455.00 per week … (2) Whose primary duty is the performance of work: … [r]equiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction." 29 C.F.R. § 541.300(a).  This primary duty requirement consists of a two-pronged test that includes a "learned" prong as well a "discretion" prong.  *See Villegas v. El Paso Ind. Sch. Dist.*, 481 F. Supp. 2d 729, 734 (W.D. Tex. 2006) (citing 29 C.F.R. § 541.301).  Factual evidence proves that Selman's Wellsite Geologists—as well as both Plaintiffs—satisfy both prongs.  Consequently, Plaintiffs' FLSA claims must be denied as a matter of law and Defendants' motion for summary judgment should be granted.

"The best prima facie evidence that an employee meets this requirement is possession of the appropriate degree."  29 C.F.R. § 301(d).  Additionally, the fact that an employer requires the credential for qualifications indicates exempt status.  *Hashop v. Rockwell Space Operations Co.*, 867 F. Supp. 1287,1299 (S.D. Tex. 1994).  "When an advanced specialized degree has become a standard requirement for a particular occupation [such as a Wellsite Geologist], that occupation

may have acquired the characteristics of a learned profession." 29 C.F.R. § 301(f). However, specialized training programs like Selman's Wellsite Geologist training can bring the level of instruction to the level of learned professional in and of itself. *See Hashop*, 867 F. Supp. at 1299 (finding that a specialized training program can bring employees within the specialized learning portion of the professional exemption). Further, people without a degree can be exempt where they have "attained the advanced knowledge through a combination of work experience and intellectual instruction." 29 C.F.R. § 301(d). Selman's Wellsite Geologists fit these criteria from the credentials that are expected when they start the specialized instruction and training Selman gives them once they begin their employment. *See* App'x, **Exhibit A**, 002-005.

An exempt employee like a Selman Wellsite Geologist will be exercising his discretion and judgment during his primary work duties in a manner that is "predominantly intellectual in nature." *Cf.* 29 C.F.R. § 541.301(b), *with* App'x, **Exhibit A**, 004 ("Wellsite Geologists require adept learning and comprehensive knowledge in the areas of geology, earth sciences and engineering to properly perform their work duties. ... Our clients trust … our geologists to observe and comment to them the important characteristics of rocks and minerals at the work site."). "This knowledge must be in a field of science or learning as distinguished from the mechanical arts." *Paul v. Petroleum Equipment Tools Co.*, 708 F.2d 168, 170 (5th Cir. 1983). A prime characteristic of this work is the employee's use of special knowledge with discretion and judgment. *Id.* (citing 29 C.F.R. § 541.305(b)). Authorization to make independent decisions that affect the operation and its objectives satisfy this requirement. *Hashop*, 867 F. Supp. at 1299. Selman's Wellsite Geologists satisfy these requirements with their analytical skills gained through academic studies of geology and earth science to observe and document surface minerals and drill cuttings characteristics for oil and gas industry clients. *See* App'x, **Exhibit A**, 001-005.

### A. There is No Genuine Dispute of Material Fact that Selman's Wellsite Geologist Employees Are Exempt as Learned Professionals Under the FLSA.

Unlike its competitors in the oil and gas industry, Defendant Selman maintains a force of well-credentialed Wellsite Geologists to provide a professional service to its clients. *See* App'x, **Exhibit A**, 002-004. By requiring more of its employees through training and degrees, Defendant Selman expects to usher in a higher level of service in its industry. *See* App'x, **Exhibit A**, 002-003.

*1.  Wellsite Geologists Earn a Salary in Excess of $455.00 a Week.*

As stated in Defendant Tom Selman's affidavit, Defendant Selman employs what is called a "five-day minimum" of guaranteed salary to a Wellsite Geologist that works a particular job site. *See* App'x, **Exhibit A**, 005. This means that if a Wellsite Geologist travels to a job location and the well reaches "total depth" at the end of third day, the Wellsite Geologist will be paid for five days even though the job was completed in three. *See* App'x, **Exhibit A**, 005. With a daily salary of $110.00, Selman's policy guarantees Wellsite Geologists a salary of $550.00 any week that he chooses to work. *See* App'x, **Exhibit A**, 005. Wellsite Geologists often earn significantly more than this weekly salary. This is consistent with the regulatory requirements of the FLSA. *See* 29 C.F.R. §§ 541.300(a)(1), 541.602. The only times a Wellsite Geologist may earn less than $455.00 is if they choose not to work on a particular day, days or weeks. *See* App'x, **Exhibit A**, 003-005. Selman has the right to not pay the Wellsite Geologist for days that they take off per regulation. *See* 29 C.F.R. § 541.602(b). There is no genuine dispute of material fact that Wellsite Geologists at Selman are compensated through a salary in excess of $455.00 per week. *See* App'x, **Exhibit A**, 003-005.

*2.  Wellsite Geologists Are Required to Have a Bachelor's Degree.*

Defendant Tom Selman, the Vice President of Selman, stated in his Affidavit that the first

8

Wellsite Geologist he hired was a degree-holding geologist and to this day Mr. Selman expects and requires applicants to hold degrees "with a significant course of study in geology and earth sciences." *See* App'x, **Exhibit A**, 001-004. As stated in *Hashop*, the employer's requirement of a specialized degree indicates satisfaction of the learned prong. *Hashop*, 867 F. Supp. at 1299. Without such a degree, or some indication of specialized learning through a combination of work experience and institutional instruction consistent with 29 C.F.R. § 541.301(d), Selman will not hire the applicant. *See* App'x, **Exhibit A**, 003. These geologists need "their academic studies to make accurate observations of the rock they see at a well or job site." *See* App'x, **Exhibit A**, 004. Defendant Selman actively recruits prospective Wellsite Geologists through inquiries with geology departments at colleges and universities across the country. *See* App'x, **Exhibit A**, 002-003. Even after the Wellsite Geologist is hired with degree, significant study is still required through classroom training and practice manuals. *See* App'x, **Exhibit A**, 004-005. Consequently, there is no genuine dispute of material fact that Selman's Wellsite Geologists satisfy the "learned" prong of the professional exemption. *See* App'x, **Exhibit A**, 001-005.

3.     *Wellsite Geologists Are Required to Use Judgment and Discretion in Their Work.*

It is obvious that Selman Wellsite Geologists use their academic knowledge in their daily judgment and discretion of their job duties. *See* App'x, **Exhibit A**, 003-004. Selman's clients trust their geologists "to observe and comment to them the important characteristics" of the relevant geology, rocks and minerals at the job site as it relates to oil and gas drilling. *See* App'x, **Exhibit A**, 004. The importance of maintaining accurate data and with critical observations of what is happening at various stages of drilling is vital to Selman's clients. *See* App'x, **Exhibit A**, 004. While stationed at the job site, the Wellsite Geologist on the ground exercises significant discretion by looking, documenting and writing diagnostic comments

regarding the characteristics of drill cuttings found on site. *See* App'x, **Exhibit A**, 004-005. The daily use of Wellsite Geologists' advanced knowledge from their studies indicates that more than generalized study is necessary to perform the job. *See* App'x, **Exhibit A**, 004. Without the Wellsite Geologists' training and advanced knowledge in geology and use of scientific equipment, Selman would not be able to provide the vital data its clients seek. *See* App'x, **Exhibit A**, 004. Consequently, there is no genuine dispute of material fact that Selman's Wellsite Geologists are required to use discretion and judgment from their advanced learning in the primary duties of their job. *See* App'x, **Exhibit A**, 003-005.

B.  **There Is No Genuine Dispute of Material Fact that Stanley Orakwue Is Exempt as a Learned Professional Under the FLSA.**

All indications from the record supports that Stanley Orakwue is an exempt employee under the learned professional exemption. His time cards prove that every week that he chose to work for Selman during his seven months of employment he earned a salary in excess of $455.00 a week. *See* App'x, **Exhibit B**, 009-016. Furthermore, he informed Defendant Tom Selman during the hiring process that he had a Bachelor's Degree in geology because it was required for employment. *See* App'x, **Exhibit A**, 003; App'x, **Exhibit C**, 020. As the basic job description entails, Orakwue's advanced knowledge from his geology degree was put to use on site where he was expected to use his discretion and judgment while stationed at job sites and observing mineral characteristics during drilling operations for the benefit of Selman's clients. *See* App'x, **Exhibit A**, 003-005. Clearly, Orakwue meets the definition of a learned professional. *See* App'x, **Exhibit A**, 003-005; App'x, **Exhibit B**, 009-016; App'x, **Exhibit C**, 020. There is no genuine dispute of material fact of the matter that Orakwue is exempt under the FLSA. *See* App'x, **Exhibit A**, 003-005; App'x, **Exhibit B**, 009-016; App'x, **Exhibit C**, 020.

**C.     There Is No Genuine Dispute of Material Fact that Jerry Egwu Is Exempt as a Learned Professional Under the Fair Labor Standards Act.**

Finally, all indications show that Jerry Egwu is an exempt employee from the FLSA on account of the learned professional exemption. His time cards prove that he was well compensated when he chose to work, and that he only earned less than the $455.00 required under the exemption when he took several days off at a time. *See* App'x, **Exhibit D**, 023, 025-042. Regulations provide that Egwu did not need to be compensated with a salary in excess of $455.00 when he only worked one or two days of the week. *See* 29 C.F.R. 541.602(b). Like Orakwue, Egwu told Defendant Tom Selman that he had a Bachelor's degree, and he was hired as a consequence of that representation. *See* App'x, **Exhibit A**, 003-004. He received extensive specialized training at Selman and he used his academic and institutional learning to perform the duties required of a Wellsite Geologist for two years. *See* App'x, **Exhibit A**, 004-005; App'x, **Exhibit D**, 025-042. Like all other Wellsite Geologists sent to work sites, Egwu was required to use discretion and judgment in observing the rock and mineral characteristics revealed during a well's drilling operations. *See* App'x, **Exhibit A**, 004-005. Considering this record, there is no genuine dispute of material fact on whether Egwu is exempt under the FLSA.

### IV. SUMMARY JUDGMENT EVIDENCE

In support of their motion, Defendants include evidence in the attached appendix, which is incorporated by reference into the motion. The motion for summary judgment is based on the following evidence:

1.   <u>Documents</u>.  The documents, which are verified as authentic, establish the following facts:

- Stanley Orakwue's Time Cards establish that Stanley Orakwue earned a salary in excess of $455.00 each week that he worked for Defendant Selman.

- Stanley Orakwue's Transcript from University of Maryland establishes that he received a Bachelor's of Science degree in Geology awarded from the University of Maryland in December 2010.

- Jerry Egwu's Time Cards establish that Jerry Egwu earned a salary in excess of $455.00 each week that he worked for Defendant Selman. Any week that he did not earn $455.00 was because he chose not to work.

2.  <u>Affidavits</u>.  The affidavit of Tom Selman, Vice President of Selman & Associates, Ltd., establishes that each of the Plaintiffs was hired with the understanding that they each had a Bachelor's degree with significant courses of study in geology and earth sciences. It further establishes that each Wellsite Geologist that works for Selman, including the Plaintiffs, is required to have advanced knowledge in the areas of geology and earth sciences as indicated from a degree or institutional instruction, and that each Wellsite Geologist that works for Selman is entrusted to use their advanced knowledge in judgment and discretion at individual job sites. Such facts are the requirement in showing that those employed in Wellsite Geologist positions are exempt from the overtime provisions of the FLSA under the professional exemption.  29 U.S.C. § 213(a)(1).  *See* 29 C.F.R. 541.300 *et seq*.

## V. CONCLUSION

Considering the undisputed facts related to Plaintiffs' compensation, job requirements and duties, and the lack of any genuine dispute of material fact with regard to Plaintiffs exemption from overtime under the learned professional exemption, the Court should find that judgment should be entered for Defendants as a matter of law. For these reasons, Defendants ask the Court to grant this motion and render summary judgment in Defendants' favor and against Plaintiff Stanley Orakwue and/or Plaintiff Jerry Egwu.

Respectfully submitted,

*/s/ Steve Spurgin*
**STEVE SPURGIN**
State Bar No. 18974350

El Paso Office:
8300 Montana Ave.
El Paso, Texas 79925
T 915.779.2800
F 915.779.2801
E steve@spurginlaw.com

Marfa Office:
204 S. Highland Avenue
Post Office Drawer 1471
Marfa, Texas 79843
T 432.729.3731
F 432.729.3730

*Attorney for Defendants*
*Selman & Associates, Ltd., Juanita C. Selman, and Tom H. Selman*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of November, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Charles W. Branham, Esq.           Jason T. Brown, Esq.
3900 Elm Street                    155 2nd Street, Suite 4
Dallas, Texas 75226                Jersey City, New Jersey 07302


*/s/ Steve Spurgin*
**STEVE SPURGIN**

13