UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| STANLEY ORAKWUE and JERRY EGWU, Individually and On Behalf of All Others Similarly Situated,<br>    *Plaintiffs,* | § § § § § § | |
| v. | § § | CIVIL ACTION NO.: MO:13-CV-52-RAJ |
| SELMAN ASSOCIATES, LTD., JUANITA C. SELMAN, and TOM H. SELMAN,<br>    *Defendants.* | § § § § § | DOCUMENT FILED ELECTRONICALLY |

## DEFENDANTS' OBJECTIONS TO PLAINTIFFS' SUMMARY JUDGMENT AFFIDAVITS

Defendants, SELMAN & ASSOCIATES, LTD, JUANITA C. SELMAN, and TOM H. SELMAN ("Defendants"), file these objections to the affidavits submitted by Plaintiffs, STANLEY ORAKWUE and JERRY EGWU ("Plaintiffs") in response to Defendants' motion for summary judgment.

**Affidavit of Stanley Orakwue** (Doc. 33-1).

Objection to Paragraph No. 3: Affiant states that he was paid a "day rate basis" as compensation. Such statement is conclusory without sufficient facts to meet the regulatory definition under 29 C.F.R. § 778.112. Affiant states that he never received overtime compensation. Neither do salaried learned professional employees. 29 C.F.R. § 541.300. Therefore the statement could just as easily support exempt status as a salaried professional. Such unsupported allegations of fact are insufficient to either support or defeat a motion for summary judgment. *Salas v. Carpenter*, 980 F.2d 299, 304-05 (5th Cir. 1992); *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).

1

<u>Objection to Paragraph No. 4</u>:  Affiant's statement that he received "on-the-job" training is conclusory without any description of the training or what would constitute "on-the-job" training as set forth in *Hashop v. Rockwell Space Operations Co.*, 867 F. Supp. 1287 (S.D. Tex. 1994) as insufficient for the purposes of 29 C.F.R. § 541.301(d).  Such unsupported allegations of fact are insufficient to either support or defeat a motion for summary judgment.  *Salas*, 980 F.2d at 304-05; *Galindo*, 754 F.2d at 1216.

<u>Objection to Paragraph No. 7</u>:  Affiant states --- without any personal knowledge --- that a "high school student with simple knowledge of rocks" could do the work required as a Wellsite Geologist of Selman & Associates.  "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." *U.S. v. Cantu*, 167 F.3d 198, 204 n.28 (5th Cir. 1999) (quoting Fed. R. Evid. 602). The affidavit lacks sufficient evidence that the statements contained in it are based on personal knowledge. Mr. Orakwue offers no indication that he worked with high school students or that he is familiar with the capabilities of high school students in this field of work.

Further, Affiant states that he learned how to identify relevant rocks through "on-the-job training" when he obtained a Bachelor's of Science degree in Geology at the University of Maryland two months before he began to work at Selman & Associates.  *See* (Doc. 26-1 at 018 to 020).  Affiant's statement is an "improbable inference" that is insufficient to defeat a motion for summary judgment.  *See Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003).

<u>Objection to Paragraph No. 8</u>:  Affiant improperly refers to "guidelines, methods, procedures, [and] standards" that are not included in the record.  *See* Fed.R.Civ.P. 56(c)(1)(A). Such unsubstantiated assertions are not competent summary judgment evidence.  *Brown*, 337 F.3d at 541; *O'Connor v. Smith*, 427 Fed. App'x 359, 367 (5th Cir. 2011).

<u>Objection to Paragraph No. 9</u>: Affiant's statement that he lacked "independent judgment or discretion about matters of significance or fundamental operations" is a conclusory statement of an ultimate question of law as to the use of judgment and discretion under the learned professional exemption under 29 C.F.R. § 541.301. The statement is unsupported in the record and is copied nearly verbatim from *Hashop*, 867 F. Supp. at 1298. Such unsupported allegations of fact are insufficient to either support or defeat a motion for summary judgment. *Salas*, 980 F.2d at 304-05; *Galindo*, 754 F.2d at 1216; *Coker v. Dallas County Jail*, 2009 WL 1953038, *6-*7 (N.D. Tex. 2009).

**B. Affidavit signed by Jerry Egwu** (Doc. 33-2).

<u>Objection to Paragraph No. 3</u>: Affiant states that he was paid a "day rate basis" as compensation. Such statement is conclusory without sufficient facts to meet the regulatory definition under 29 C.F.R. § 778.112. Affiant states that he never received overtime compensation. Neither do salaried learned professional employees. 29 C.F.R. § 541.300. Therefore the statement could just as easily support exempt status as a salaried professional. Such unsupported allegations of fact are insufficient to either support or defeat a motion for summary judgment. *Salas*, 980 F.2d at 304-05; *Galindo*, 754 F.2d at 1216.

<u>Objection to Paragraph No. 4</u>: Affiant's statement that he received "on-the-job" training is conclusory without any description of the training or what would constitute "on-the-job" training as set forth in *Hashop v. Rockwell Space Operations Co.*, 867 F. Supp. at 1297, as insufficient for the purposes of 29 C.F.R. § 541.301(d). Such unsupported allegations of fact are insufficient to either support or defeat a motion for summary judgment. *Salas*, 980 F.2d at 304-05; *Galindo*, 754 F.2d at 1216.

<u>Objection to Paragraph No. 7</u>: Affiant states --- without any personal knowledge --- that

a "high school student with simple knowledge of rocks" could do the work required as a Wellsite Geologist of Selman & Associates. "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." *Cantu*, 167 F.3d at 204 n.28 (quoting Fed. R. Evid. 602). The affidavit lacks sufficient evidence that the statements contained in it are based on personal knowledge. Mr. Egwu offers no indication that he worked with high school students or that he is familiar with the capabilities of high school students in this field of work.

Objection to Paragraph No. 8: Affiant improperly refers to "guidelines, methods, procedures, [and] standards" that are not included in the record. *See* Fed.R.Civ.P. 56(c)(1)(A). Such unsubstantiated assertions are not competent summary judgment evidence. *Brown*, 337 F.3d at 541; *O'Connor*, 427 Fed. App'x at 367.

Objection to Paragraph No. 9: Affiant's statement that he lacked "independent judgment or discretion about matters of significance or fundamental operations" is a conclusory statement of an ultimate question of law as to the use of judgment and discretion under the learned professional exemption under 29 C.F.R. § 541.301. The statement is unsupported in the record and is copied nearly verbatim from *Hashop*, 867 F. Supp. at 1298. Such unsupported allegations of fact are insufficient to either support or defeat a motion for summary judgment. *Salas*, 980 F.2d at 304-05; *Galindo*, 754 F.2d at 1216; *Coker*, 2009 WL 1953038 at *6-*7.

## PRAYER

For these reasons, Defendants ask the Court to sustain their objections and exclude the objectionable paragraphs from Plaintiffs' summary judgment proof.

Respectfully submitted,

*/s/ Steve Spurgin*
**STEVE SPURGIN**
State Bar No. 18974350

El Paso Office:
8300 Montana Ave.
El Paso, Texas 79925
T 915.779.2800
F 915.779.2801
E steve@spurginlaw.com

Marfa Office:
204 S. Highland Avenue
Post Office Drawer 1471
Marfa, Texas 79843
T 432.729.3731
F 432.729.3730

*Attorney for Defendants*
*Selman & Associates, Ltd., Juanita C. Selman, and*
*Tom H. Selman*

## CERTIFICATE OF SERVICE

I hereby certify that on the 27nd day of December, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Charles W. Branham, Esq.  
3900 Elm Street  
Dallas, Texas 75226

Jason T. Brown, Esq.  
155 2nd Street, Suite 4  
Jersey City, New Jersey 07302

*/s/ Steve Spurgin*  
**STEVE SPURGIN**