# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND DIVISION

| | |
|---|---|
| **STANLEY ORAKWUE** and **JERRY EGWU,** Individually and on behalf of all others similarly Situated | Civil Action No.7:13-CV-00052-RAJ |
| Plaintiffs, | |
| vs. | |
| **SELMAN ASSOCIATES, LTD., JUANITA C. SELMAN,** and **TOM H. SELMAN**, | Honorable Robert A. Junell |
| Defendants. | |

**PLAINTIFFS' FIRST SUPPLEMENTAL REPLY IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION, APPROVAL OF THE PROPOSED NOTICE, DISCOVERY OF THE COLLECTIVE MEMBERS AND DISTRIBUTION OF THE APPROVED NOTICE TO THE COLLECTIVE MEMBERS**

**PRELIMINARY STATEMENT**

Plaintiffs Stanley Orakwue and Jerry Egwu (collectively "Plaintiffs") file this Supplemental Reply in further support of their Motion ("Motion") for Conditional Certification of a Collective Action, Approval of the Proposed Collective Action Notice, Discovery of the Collective Members, and Distribution of the Approved Notice to the Collective Members. For the reasons set forth below, this Court should disregard the Defendants' attempts to obscure basic FLSA law irrelevancies and conclusory statements unsupported by facts, and grant the Motion to certify the collective.

## I.   INTRODUCTION

The United States Department of Labor has cited and fined the Defendants for their improper wage practices with Mud Loggers and they have previously been sued for labor violations in this Court.[1] In light of these facts, Defendants now seek distraction over legal compliance. These attempted diversions include specious allegations of "fraud" that are baseless and irrelevant to the issues of Class Certification. Defendants' Brief, pp. 1-2, attached hereto as **Exhibit A**. This Court should reject the Defendants' attempt to obfuscate the issues and grant the Certification Motion. The facts demonstrate that the Mud Loggers who have worked for Defendants are similarly situated, satisfying the standard for certification.

This litigation is about whether Mud Loggers who work for Defendants are entitled to overtime pay. Plaintiffs believe as a matter of law they are, but that issue is not before the Court at this time. The overwhelming evidence introduced to date is that Mud Loggers are entitled to overtime pay under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, *et seq.*

---

[1] *Welsch v. Selman & Associates, Ltd.,* Civil Action No. 7:12-cv-00127-RAJ. A true and correct copy of the Complaint in *Welsch v. Selman & Associates, Ltd* is attached hereto as **Exhibit B.** Defendants did not disclose that this collective action filed against them by a different plaintiff and counsel which may be probative of the issues in the instant action. This lawsuit was not referenced in Plaintiffs' certification motion since, to date, Defendants have still failed to disclose it and are forcing a Motion to Compel Discovery.

("FLSA"). The Professional Exemption claimed by the Defendants fails right out of the gate, since the Professional Exemption requires the employee be compensated "on a salary or fee basis at a rate not less than $455.00 per week"[2] and the many Mud Loggers who work for Defendants were/are paid a non-qualifying day rate with multiple weekly wages less than the required $455.00.[3] This fact alone compels the conclusion that this Court should grant Plaintiffs summary judgment in their favor when the Plaintiffs so move.

However, Plaintiffs are not yet moving for summary judgment, because this case is now at an early procedural stage known in class action jurisprudence as the conditional certification or the first/notice stage. *See, e.g., Mateos v. Select Energy Servs., LLC*, 2013 U.S. Dist. LEXIS 146519, at * 5 (W.D.Tex., October 10, 2013) (noting that in the absence of Fifth Circuit guidance, district courts in the Fifth Circuit have generally adopted the *Lusardi* two-stage approach to determine whether a collective action should be certified under the FLSA); *Harris v. Hinds County*, 2014 U.S. Dist. LEXIS 14176, at *5-6 (S.D. Ms., February 4, 2014) (noting the *Lusardi* method, recognized as the favored approach by courts in the Fifth Circuit, advises a two-step certification analysis: (1) the notice stage, and (2) decertification stage).

At this early stage, this Court only must determine if the Plaintiffs satisfy the "fairly lenient standard" that there is an issue that affects a similarly situated group of individuals. *See, e.g., Pedigo v. 3003 S. Lamar, LLP*, 666 F. Supp. 2d 693, at * 697 (W.D.Tex., October 29, 2009) (noting that District Courts within the Western District ***uniformly*** apply the *Lusardi* test, determination at the notice stage is made using a fairly lenient standard, and typically results in a conditional certification of a representative class). Here, this Court must find that there is an issue that affects Mud Loggers who are similarly situated to Plaintiffs.

---

[2] 29 C.F.R. § 541.300(a).
[3] A true and correct copy of Plaintiffs' response and memorandum of law in opposition to Defendants' motion for summary judgment is attached hereto as **Exhibit C**, pp. 10-15.

Here there are two individuals who have introduced ample corroborated evidence that there are a collective of workers whose rights are affected by the Defendants' employment policy and practice, which is more than enough to certify a collective.

The outcome of this litigation has the potential to affect all Mud Loggers that have worked for Defendants. Hence, all affected Mud Loggers must receive a notice of this lawsuit and an opportunity to participate in the litigation. The results of the litigation may impact their compensation structure and they should have a right to participate in an action that impacts their rights and their future. *See, e.g.*, *Pedigo*, 666 F. Supp. 2d at 698 (noting the remedial nature of the FLSA and that § 216 militates strongly in favor of allowing cases to proceed collectively); *Jones v. SuperMedia Inc.*, 281 F.R.D. 282, at 288 (N.D.Tex., March 23, 2012) (noting the same and also the court need not find uniformity in each and every aspect of employment to determine that a class of employees is similarly situated).

## II.     LEGAL ARGUMENT

The proof extends beyond the evidence of the two lead Plaintiffs, beyond the already referenced U.S. Department of Labor findings and beyond the deficient discovery production of Defendants, all of which already decimates the Defendants' defenses. Defendants' insinuation that there is "No Evidence" to support the Plaintiffs' contentions (Defendants' Brief, p. 1, **Exhibit A**) is simply wrong.

Defendants now complain that since they are violating the labor law in Pennsylvania as well as in Texas, that this is grounds for denying the pending Certification Motion. Defendants fail to explain the logic of permitting continued violations of the law in more than one state. All that is demonstrated is Defendants' nationwide pattern of non-compliance with the law. Defendants' note that the multiple suits and allegations are nearly identical, in other words they

4

concede that there are other similarly situated individuals employed by Defendants. Instead of being an argument against conditional certification, Defendants reinforce the need for this Court to grant the pending Motion.

Although these two cases contain very similar factual allegations due to Defendants' nationwide uniform policy and practice of misclassifying Mud Loggers as exempt from overtime, they include different allegations of the law and different causes of action. The Complaint filed in Texas references Plaintiffs and putative collective members have worked in Texas with overtime and collective action allegations pursuant to the FLSA[4]; the Complaint filed in Pennsylvania references Mud Loggers have worked in Pennsylvania, not only with Defendants' violations of the FLSA, but also the violations of the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101 *et seq.*, and regulations, 34 Pa. Code § 231.1 *et seq.*, the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq.* and Unjust Enrichment/Quantum Meruit[5]. The plaintiff in the Pennsylvania case further proposes a Rule 23 class action under the Pennsylvania state law. Accordingly, these two cases were filed separately and should proceed separately.

The individuals affected by the outcome of the litigation are entitled to notice of the litigation and an opportunity to participate. The case law strongly supports this conclusion. *See, e.g., Gonzalez v. Tier One Sec., Inc.*, 2013 U.S. Dist. LEXIS 50602, at * 3 (W.D.Tex.**,** April 8, 2013) (granted conditional certification, noting a § 216 plaintiff must opt in to become part of the collective and that courts typically grant conditional certification); *Lay v. Gold's Gym Int'l, Inc.***,** 2013 U.S. Dist. LEXIS 144264 (W.D.Tex., October 4, 2013) (granted conditional certification, noting the same). There are two Plaintiffs submitting two affidavits in support of conditional

---

[4] A true and correct copy of the Texas Complaint is attached hereto as **Exhibit D**.
[5] A true and correct copy of the Pennsylvania Complaint is attached hereto as **Exhibit E**.


certification and now a third in a different jurisdiction.[6] Plaintiffs and the putative collective members are the victims of Defendants' uniform policy and practice of misclassifying the Mud Loggers as exempt from overtime and failing to pay FLSA required overtime, and thus are similarly situated. The logical and legal conclusion is to allow the case to be certified as a collective and let the hard-working Mud Loggers have the opportunity to be heard in a case that directly affects them.

This case is not about just the lead Plaintiffs. This case is about whether the position of Mud Logger should be entitled to overtime pay under the FLSA. The collective action mechanism, correctly and fairly, allows everyone impacted to receive notice of the action and the right to opt-in. The time to argue about the differences, if any, is at the decertification stage. Plaintiffs request that the Court grant Certification and Notice.

### III. CONCLUSION

Plaintiffs' FLSA claims are well-suited to conditional collective action certification in light of Defendants' uniform policy and practice of misclassifying Plaintiffs and the putative collective members exempt from overtime and failing to properly compensate them for hours worked in excess of forty (40) each week. Thus, all the former and current Mud Loggers of Defendants should be notified of this lawsuit and given an opportunity to join the litigation, which is precisely the remedial purpose of the FLSA and the collective action mechanism.

---

[6] *See, e.g., Brown v. Money Tree Mortg. Inc.,* 222 F.R.D. 264, 680 (D. Kan. 2004)(two affidavits sufficient); *Williams v. Sprint/United Mgmt Co.*, 222 F.R.D. 483, 487 (D. Kan. 2004) (allegations in complaint were "more than sufficient to support provisional certification"); *Ballaris v. Wacker Silttronic Corp.***,** 2001 U.S. Dist. LEXIS 13354, at *3-*5 (two affidavits); *Zhao v. Benihana,* 2001 U.S. Dist. LEXIS 10678 at *12-*13 (S.D. N.Y. 2001) (one affidavit based on plaintiff's "best knowledge"); *Aguayo v. Oldenkamp Trucking*, 2005 WL 2436477 (E.D. Cal.2005)(allegations in complaint and declaration of the plaintiff demonstrate plaintiff and other class members are similarly situated); *Alba v. Madden Bolt Corporation*, Civil Action No. H-02-1503 (S.D. Tex. June 5, 2002)(J. Hoyt)(one affidavit sufficient); *Loreas v. C&S Ranch*, Civil Action No. L-97-30 (S.D. Tex. May 16, 1997)(J. Kazen)(one affidavit sufficient); *Marchan v. Taqmex, Inc.*, Civil Action No. H-02-4167 (S.D. Tex. December 17, 2002)(J. Hughes)(one affidavit sufficient); *Schwartz v. MCI Telecommunications Corp.*, Civil Action No. H-98-1574 (S.D. Tex. February 18, 1999)(J. Werlein)(one affidavit sufficient).

Dated: February 12, 2014

Respectfully submitted,

**JTB LAW GROUP, LLC**
By: /s/ *Jason T. Brown*
Jason T. Brown
Admitted *Pro Hac Vice*
jtb@jtblawgroup.com
Zijian Guan
Admitted *Pro Hac Vice*
cocozguan@jtblawgroup.com
155 2nd Street, Suite 4
Jersey City, NJ 07302
Phone: (201) 630-0000
Fax: (855) 582-5297

-And-

BRANHAM LAW, LLP
Charles W. Branham
tbranham@branham-law.com
State Bar No. 24012323
3900 Elm Street
Dallas, Texas 75226
Telephone: (214) 722-5990
Facsimile: (214) 722-5991

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Jason T. Brown, hereby certify that on February 12, 2014, I caused a true copy of the foregoing Plaintiffs' First Supplemental Reply in Support of Motion for Conditional Certification to Defendants to be served upon the following via ECF generated Notice:

Steve Spurgin, Esquire
(steve@spurginlaw.com)
SPURGIN LAW GROUP
8300 Montana Avenue
El Paso, Texas 79925
Office: (915) 779-2800
*Attorneys for Defendants*

> */s/ Jason T. Brown* _____
> Jason T. Brown