# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND DIVISION

**STANLEY ORAKWUE, and JERRY EGWU**
Individually, and On Behalf of All Others Similarly Situated,

Civil Action No.: 7:13-cv-00052-RAJ

Plaintiffs,

-against-

Honorable Robert A. Junell

**SELMAN ASSOCIATES, LTD., JUANITA C. SELMAN, and TOM H. SELMAN,**

Defendants.

## JOINT STIPULATION OF SETTLEMENT AND RELEASE

This Agreement is made and entered into this 19 day of May, 2014, between Plaintiffs, **STANLEY ORAKWUE, and JERRY EGWU** (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, and Defendants, **SELMAN ASSOCIATES, LTD., JUANITA C. SELMAN, and TOM H. SELMAN** (collectively "Defendants").

**WHEREAS,** Plaintiffs have filed a collective action in the United States District Court, Western District of Texas styled STANLEY ORAKWUE, and JERRY EGWU, Individually and on Behalf of Others Similarly Situated, v. SELMAN ASSOCIATES, LTD., JUANITA C. SELMAN, and TOM H. SELMAN, Civil Action No. 7:13-cv-00052-RAJ (the "Action");

**WHEREAS,** Plaintiffs brought the Action on behalf of certain individuals currently or formerly employed by Defendants as Mud Loggers, alleging that they were not paid overtime compensation required by the Fair Labor Standards Act ("FLSA");

**WHEREAS**, Plaintiffs filed a motion for conditional certification as a collective under the FLSA and Defendants filed a motion for summary judgment;

**WHEREAS**, Plaintiffs and Defendants participated in a full-day mediation on April 3, 2014

**WHEREAS**, although no party hereto abandons any position taken in the Action, the parties believe that continued litigation with respect to the issues resolved by this Agreement would be protracted, expensive, uncertain, and contrary to their best interests;

**WHEREAS**, Plaintiffs and Defendants have agreed to a settlement of the Action;

**NOW WHEREAS**, the Action shall be settled and certain claims shall be dismissed with prejudice, subject to the approval of the Court, upon the terms and condition set forth herein.

**I.     Definitions.**

As used in all parts of this Stipulation, the following terms have the meanings specified below:

1. "SELMAN" means Selman & Associates, Ltd., along with its parent, predecessors, successors, subsidiaries, affiliates, divisions, joint ventures, related entities, assigns, and all of their current, former, and future owners, officers, directors, shareholders, partners, members, principals, employees, agents, insurers, attorneys, assigns, and personal and legal representatives.

2. "SELMAN Releasees" means SELMAN, as defined above.

3. "Pennsylvania Class" or "Pennsylvania Rule 23 Class" means the group of those individuals who were employed by SELMAN at any time during the Class Period in the position of Mud Logger in Pennsylvania (the "Pennsylvania location") pursuant to Rule 23 of the Federal Rules of Civil Procedure;

4. "Nationwide Collective" means the collective group of those individuals who were employed by SELMAN nationwide other than the Pennsylvania location at any time during the Class Period in the position of Mud Logger pursuant to the collective mechanism of the FLSA;

5. "Class Position" means the position of Mud Logger;

6. "Class Counsel" means, collectively, JTB Law Group, LLC and Branham Law Group, LLP.

7. "Class Period" means the period from and including March 20, 2012 through date settlement is approved by the Court.

8. "Court" means United States District Court, Western District of Texas.

9. "Effective Date" means the date on which this settlement receives final approval from the Court.

10. The "Lawsuit" shall mean the case styled STANLEY ORAKWUE, and JERRY EGWU, Individually and on Behalf of Others Similarly Situated, v. SELMAN ASSOCIATES, LTD., JUANITA C. SELMAN, and TOM H. SELMAN, Civil Action No. 7:13-cv-00052-RAJ

11. "Order of Approval" or "Order Granting Approval of Settlement" shall mean an Order entered and filed by the Court approving this Agreement.

12. "Participating Claimant" or "Participating Claimants" means each member of the Pennsylvania Class who properly and timely submits a properly executed claim form. Participating Claimants do not need to execute Opt-In Consent forms.

13. "Participating Party Plaintiff" or "Participating Party Plaintiffs" means each member of the Nationwide Collective who properly and timely submits a properly executed Opt-In Consent Form in response to the Notice of Collective Action Lawsuit for Unpaid Wages.

14. "Released Claims" shall collectively mean any and all claims, obligations, demands, actions, causes of action and liabilities against SELMAN for unpaid wages, overtime pay, liquidated damages, attorneys' fees, and litigation costs and expenses, including, without limitation, legal and equitable relief relating to or arising out of: (a) any and all claims for the failure to pay wages and/or any type of overtime wages; and/or (b) any and all claims stemming from or based on the alleged hours worked by any Plaintiffs, Participating Party Plaintiffs and Participating Claimants allegedly not paid by SELMAN in violation of state and federal law. "Released Claims" further include SELMAN's claims of alleged fraud against Plaintiffs, Participating Party Plaintiffs and Participating Claimants, as well as all claims under the non-competition/non-solicitation agreement, including but not limited to, claims for reimbursement of training.

15. "Settlement Hearing" means any hearing, if the Court deems necessary, for the purpose of determining the fairness, adequacy and reasonableness of this Agreement.

16. The "Settling Parties" or "Parties" means the Plaintiffs, Participating Party Plaintiffs, Participating Claimants and SELMAN.

17. "Third Party Claims Administrator" shall mean an independent claims administrator selected by Plaintiffs to administer the settlement fund, including sending the notice of settlement and distributing the settlement fund.

18. "Work Week" shall mean a fixed and regularly recurring period of 168 hours – seven consecutive 24-hour periods that begins on a Thursday at midnight.

19. "Mediator" shall mean a third independent party who hears both parties' argument and conducts mediation.

## II. Arbitration

Any disputes as to the settlement agreement terms are to be submitted for binding arbitration on a classwide basis to the Mediator, as per the April 3, 2014 mediation agreement.

## III. Certification of Settlement Class

Solely for purposes of this Settlement Agreement, and subject to this Agreement being approved by the Court, SELMAN agrees to a Nationwide Collective (excluding the Pennsylvania Class members) and certification of a Pennsylvania Rule 23 Class. SELMAN will cooperate with the filing of all required documents to certify these actions for settlement purposes.

## IV. STATEMENT OF NO ADMISSION

1. **Denial of Liability.** SELMAN denies liability to Plaintiffs upon any claim, cause of action, and factual or legal theory. SELMAN has vigorously defended against Plaintiffs' claims and continues to assert that if this case were to proceed to trial and/or appeal, it would prevail.

2. **No Admission.** This Agreement is not intended to constitute, and does not in fact constitute, any admission by SELMAN as to the merits, validity, or accuracy of any of the allegations or claims made against it in the Action.

3. **No Use as Evidence of Violation.** Nothing in this Agreement nor any action taken in the implementation of this Agreement is intended by the parties to, nor will any of the foregoing constitute, be introduced, be used, or be admissible in any way in this case or any other judicial, arbitral, administrative, investigative, or other form of proceedings as evidence of any violation of any federal, state, or local law, statute, ordinance, regulation, rule, or executive order, or any obligation or duty at law or in equity.

## V. RELEASE, COVENANT NOT TO SUE, AND DISMISSAL

1. **Release and Covenant Not to Sue.** For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Plaintiffs, Participating Party Plaintiffs and Participating Claimants, for themselves and their heirs, successors, assigns, personal representatives, executors, legal representatives, spouse, agents, insurers, and attorneys, do hereby release and discharge SELMAN from any and all claims, rights demands, charges, complaints, causes of action, obligations, or liability of any wage related claims (including any and all claims or demands for attorneys' fees and costs), whether known or unknown, whether based upon the FLSA or any other state wage and hour law. Plaintiffs, all Participating Party Plaintiffs and all Participating Claimants further covenant not to sue the SELMAN Releasees for any and all claims released by this paragraph. This agreement specifically does not release any claims for Worker's Compensation and/or unemployment.

SELMAN releases all claims of fraud, claims arising from the non-competition/non-solicitation agreement, and claims for reimbursement of training against each Plaintiff, Participating Party Plaintiff and Participating Claimant. SELMAN further covenants not to sue the Plaintiffs, Participating Party Plaintiffs and Participating Claimants for any and all claims released by this paragraph.

2. **Dismissal.** Upon entry of an Order of Approval and the deposit of those funds necessary to pay all claims and amounts as described herein into a Settlement Fund Account to be administered by the Third Party Claim Administrator, Plaintiffs' claims in the Action shall be dismissed with prejudice.

6

## VI. APPROVAL PROCESS

By May 23, 2014, the parties shall file a joint motion for preliminary approval of this Agreement and authorizing notices to the Nationwide Collective and Pennsylvania Class. After sending notices to the Nationwide Collective and Pennsylvania Class, the Parties shall seek an expeditious ruling, if any, on final approval of this settlement, consistent with the Court's docket and the schedules of counsel.

If the Court does not approve this Agreement or approves it subject to conditions or modifications which are not acceptable to both parties the parties shall attempt to negotiate in good faith in order to modify the Agreement in a form acceptable to both the parties and the Court and if there is an impasse it shall go back to the mediator to mediate and arbitrate if an agreement is not reached.

## VII. THE SETTLEMENT FUND

SELMAN shall establish a Qualified Settlement Fund ("QSF") of $1,133.333.33 to satisfy the payment of damages to the named Plaintiffs, all Participating Party Plaintiffs and all Participating Claimants, as well as the applicable incentive awards, Plaintiffs' costs of the litigation and settlement fund distribution. The QSF further includes the judgment of $15,000.00 entered in the Pennsylvania action. The remaining fund for individuals who do not submit a claim form or Opt-in Consent form will be refunded to SELMAN.

For each of the Plaintiffs, Participating Party Plaintiffs, Participating Claimants, SELMAN will provide to the Third Party Claim Administrator complete accurate time records to allow the Third Party Claim Administrator to compute the settlement amount due, if any, according to the Settlement Formula that is set out below.

1. **Costs.** Plaintiffs' final costs are $12,000.00. The costs for the settlement fund administrator are up to $25,000.00.

2. **Incentive Awards.** The distribution of the Incentive Awards for named Plaintiffs is agreed by the settling parties as the following:

| | |
|---|---|
| Stanley Orakwue | $10,000.00 |
| Jerry Egwu | $10,000.00 |

Additionally, $500.00 of incentive award shall be paid to each of the following seventeen (17) individuals who have executed the Opt-In Consent Form for this Action and the Pennsylvania Action by April 3, 2014:

| | |
|---|---|
| Blake Roger | $500.00 |
| Blake Eatherton | $500.00 |
| Carl Daniels | $500.00 |
| Cody Cross | $500.00 |
| Eric Durland | $500.00 |
| Keith Lorio | $500.00 |
| Kevin Hermisch | $500.00 |
| Lloyd Felton | $500.00 |
| M. Allen Tolbert | $500.00 |
| Marybeth Sisk | $500.00 |
| Matthew Thompson | $500.00 |
| Michael Richeson | $500.00 |
| Richael Goss | $500.00 |
| Rohan Gudgila | $500.00 |
| Shaun Frank | $500.00 |
| Christopher Bongers | $500.00 |
| Michael Gill | $500.00 |

3. **Settlement Formula.** For the sole purpose of settlement, the weekly damages that each named Plaintiff, Participating Party Plaintiff and Participating Claimant can claim is $100.00 per week. The Parties agree that for each Work Week that a named Plaintiff, Participating Party Plaintiff or Participating Claimant worked three (3) days or less, no overtime hours would result from those Work weeks. Hence, this Settlement only affects Work Weeks during which a Plaintiff, Participating Party Plaintiff or Participating Claimant worked four (4)

8

days or more. The total amount of damages that each Plaintiff, Participating Party Plaintiff and Participating Claimant is entitled to equals the weekly damages, $100.00, multiplied by the total number of Work Weeks for which a named Plaintiff or Participating Party Plaintiff/Claimant worked four (4) days or more.

Furthermore, this Settlement does not include any work week of non-degreed Mud Loggers in 2014 as SELMAN has paid non-degreed Mud Loggers overtime wages since 2014.

The time period for damage calculations of Participating Party Plaintiffs/Claimants will be from March 20, 2012 to April 4, 2014. The time period for damage calculations of named Plaintiffs shall be three (3) years from their filing date of the original Complaint. The time period for damage calculations of the seventeen (17) individuals who have executed the Opt-In Consent Form for this Action and the Pennsylvania Action by April 3, 2014 shall be three (3) years from their execution of the Opt-In Consent Form.

If the total claimed fund exceeds the available QSF, each Participating Party Plaintiff and Participating Claim's payment will be decreased proportionally and received their *pro rata* share.

4. **Attorney's fees**. SELMAN shall pay to JTB Law Group, LLC as Class Counsel in a form to be directed by Class Counsel the sum of $566,666.67 for attorney's fees incurred. That amount will be paid separately and not coming from the QSF. That amount shall be due, subject to Court approval and the occurrence of the Effective Date within thirty (30) days of the Effective Date. Class Counsel hereby represents that the attorneys' fees to be paid are reasonable and fair, and but for Class Counsel's experience, expertise, and efficiency in resolving these claims, such payments to putative class members would not be made or alternatively, would be significantly less than what is being offered as a result of this settlement. Payments made per this paragraph shall constitute full satisfaction of any claim for attorney's fees. SELMAN shall make

the payment pursuant to this paragraph or as otherwise determined by the Court to Class Counsel directly. SELMAN agrees not to object to or oppose the cost or Fee Figures contained in this Agreement. SELMAN warrants that their attorney's fees to defend this matter were comparable.

## VIII. DISTRIBUTION OF SETTLEMENT FUND

1. **Eligibility.** All current and former Mud Loggers employed by SELMAN at any time during the period from March 20, 2012 through April 4, 2014, who timely submit a properly executed Opt-In Consent Form or a Claim Form shall be eligible to participate in the distribution of the Settlement Fund as described herein.

2. **Third Party Claims Administrator.** Plaintiffs will select a Third Party Claims Administrator, with the right of consent by SELMAN, to handle all administrative functions related to disbursement of the Settlement Fund, including sending notices of settlement to members of the Class, verification of Class members' eligibility to participate, calculation of each Participating Party Plaintiff and Participating Claimant's share of the Settlement Fund, and distribution of the Settlement Fund to Participating Party Plaintiffs and Claimants. The Third Party Claims Administrator will compute and deduct any required tax withholdings and deductions, all of which shall be paid from the Settlement Fund. The Third Party Claims Administrator will advise SELMAN and Class Counsel of its disbursements in order to enable SELMAN to calculate the employer's share of any federal or state mandated payroll taxes applicable to wage payments. All expenses of the Third Party Claims Administrator will be paid from the Qualified Settlement Fund.

3. **Creation of Qualified Settlement Fund ("QSF") Account.** Within fifteen (15) days after entry of an Order of Final Approval, the Third Party Claims Administrator will establish a Qualified Settlement Fund Account, obtain an Employer Identification Number

10

pursuant to Internal Revenue Code § 468B, establish a bank account for the Qualified Settlement Fund in a financial institution of Plaintiffs' choosing, and thereafter perform all trustee duties required for the disbursement of the Settlement Fund. Within forty-five (45) days after entry of an Order of Approval, SELMAN will deposit the Settlement Fund in the amount of $1,133.333.33 into the Qualified Settlement Fund Account.

4. **Eligibility.** In order to be eligible to receive a payment from the Settlement Fund, each Participating Claimant in the Pennsylvania Class shall be required to submit to the Third Party Claims Administrator, an executed Claim Form within Forty-five (45) days from the Third Party Claims Administrator's mailing date of the claim form; each Participating Party Plaintiff in the Nationwide Collective shall be required to submit to the Third Party Claims Administrator, an executed opt-in consent Form within Forty-five (45) days from the Third Party Claims Administrator's mailing date of the opt-in consent form.

6. **Resolution of Disputes.**

In the event of a conflict between the dates of eligibility reflected on a Participating Member's opt-in form and SELMAN's list, the actual filing date of that Participating Member's executed opt-in form shall govern. The Third Party Claims Administrator shall make payment to each Participating Claimant in accordance with such calculations within thirty (30) days after receipt of each Participating Claimant's Claim Form and each Participating Party Plaintiff's Opt-in Consent Form.

7. **Classification of Payments for Tax Purposes.** The parties agree that such payments made to each Plaintiff, Participating Party Plaintiff and Participating Claimant shall be classified into two categories: half of each payment shall be considered as back wages (which shall be subject to all applicable deductions and withholding, and which shall be reported on

11

Form W-2), the other half shall be treated as liquidated damages (which shall be issued with a tax form 1099). Those amounts which are for liquidated damages according to the calculations by the Third Party Administrator shall not be subject to deductions and withholdings, but the parties hereto all acknowledge that even liquidated damages constitute taxable income as defined by the Internal Revenue Code. Furthermore, the applicable incentive awards should also be treated as liquidated damages, not subject to deductions or withholdings.

8. **Undeliverable Payments.** In the event that any Plaintiff, Participating Party Plaintiff or Participating Claimant fails to execute and return a release or the notice of this Agreement is returned to the Third Party Claims Administrator on account of an invalid address, the Third Party Claims Administrator shall inform Class Counsel and SELMAN of that fact.

9. **No Liability for Errors.** Neither Plaintiffs, Class Counsel, SELMAN nor the Third Party Claims Administrator will be liable for any errors of computations or errors in the distribution or administration of the Settlement Fund.

IX. **Confidentiality**

Plaintiffs agree not to issue any press release or otherwise communicate with the media about the settlement or its terms. Any Participating Party Plaintiff or Participating Claimant who receives the settlement money under this settlement may not issue a press release or otherwise communicate with the media about the settlement or its terms or discuss the case with anyone other than their attorneys, spouses, tax preparers, or as otherwise required by the law.

XI. **Miscellaneous Provisions**

1. The Settling Parties are hereby both advised to consult with an attorney prior to executing this Agreement. Plaintiffs acknowledge that they are not waiving or releasing any claims based on an action or omission that occurs after the date of signing this Agreement.

2. The Settling Parties (a) acknowledge that it is their intent to consummate this Agreement, and (b) agree to cooperate to the extent reasonably necessary to effect and implement all terms and conditions of the Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of the Agreement.

3. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

4. This Agreement otherwise constitutes the entire agreement among the Settling Parties hereto. No other representations, warranties or inducements have been made to any party concerning the Agreement or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents. The settling Parties represent that they have entered into this Agreement of their own free will and accord, after consultation with their attorney, that they and their attorneys have made a full and independent investigation of the facts and representations relating to the Agreement.

5. Class Counsel, on behalf of the Class, are expressly authorized to take all appropriate action required or permitted to be taken by the Class pursuant to the Agreement to effect its terms, and also are expressly authorized to enter into any modifications or amendments to the Agreement on behalf of the Class which they deem appropriate.

6. This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

7. Whenever this Agreement requires or contemplates that one party, or the Court shall or may give notice to another, notice shall be provided by facsimile and/or next-day (excluding Sunday) express delivery service as follows:

| | | |
|---|---|---|
| (a) | If to SELMAN, then to: | Steve Spurgin, Esq.<br>Spurgin Law Group<br>8300 Montana Avenue<br>El Paso, Texas 79925<br>Facsimile: (915) 779-2801 |
| (b) | If to Plaintiffs or Class Counsel, then to: | Jason T. Brown, Esq.<br>JTB Law Group<br>155 2nd St., Suite 4<br>Jersey City, NJ 07302<br>Facsimile: (855) 582-5297 |

8. This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto; but this Agreement is not designed to and does not create any third party beneficiaries either express or implied.

9. This Agreement and the exhibits hereto shall be considered to have been negotiated, executed and delivered, and to have been wholly performed, in the State of Texas, and the rights and obligations of the parties to this Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Texas without giving effect to that State's choice of law principles.

10. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either party. No party shall be deemed the drafter of this Agreement. The parties acknowledge that the terms of this Agreement are contractual and are the product of negotiations between the parties and their counsel. Each party and their counsel cooperated in the drafting and preparation of this Agreement. In any construction to be made of this Agreement, this Agreement shall not be construed against any party.

**IN WITNESS WHEREOF**, the parties hereto have caused this Agreement to be executed on the date first written above.

14

**ATTORNEYS FOR PLAINTIFFS**

*Jason T. Brown*
Jason T. Brown
DATE: 5/21/14

*[signature]*
STANLEY ORAKWUE
DATE: 5/20/14

_____
JERRY EGWU
DATE: _____

**ATTORNEYS FOR DEFENDANTS**

*[signature]*
Steve Spurgin
DATE: 5-19-20

**SELMAN & ASSOCIATES, LTD.**

By: *Juanita C Selman*
Title: President
DATE: 5-19-14

*Juanita C Selman*
JUANITA C. SELMAN
DATE: 5-19-14

*[signature]*
TOM H. SELMAN
DATE: 5-19-14

| ATTORNEYS FOR PLAINTIFFS | ATTORNEYS FOR DEFENDANTS |
|---|---|
| *Jason T. Brown* (signature) <br> Jason T. Brown <br> DATE: 5/21/14 | *Steve Spurgin* (signature) <br> Steve Spurgin <br> DATE: 5-19-20 |
| _____ <br> STANLEY ORAKWUE <br> DATE: | SELMAN & ASSOCIATES, LTD. <br> By: *Juanita C Selman* <br> Title: President <br> DATE: 5-19-14 |
| *signature* <br> JERRY EGWU <br> DATE: 5/22/14 | *Juanita C Selman* (signature) <br> JUANITA C. SELMAN <br> DATE: 5-19-14 |
| | *Tom Selman* (signature) <br> TOM H. SELMAN <br> DATE: 5-19-14 |